1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEAN BAGLEY,

                    Petitioner,

      v.

STEVEN SINCLAIR,

                    Respondent.

CASE NO. C13-5016 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATIONS

This matter comes before the Court on the Report and Recommendation ("R&R")

of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 16), and

Petitioner Dean Bagley's ("Bagley") objections to the R&R (Dkt. 17).

## I.      PROCEDURAL BACKGROUND

The Superior Court sentenced Bagley on December 14, 2007.  Dkt. 14, Ex. 1. On

December 12, 2008, he filed a motion in Superior Court to modify his sentence. *Id.*, Ex 2.

The Superior Court transferred the motion to the Washington State Court of Appeals to

be addressed as a personal restraint petition. The Washington State Court of Appeals

denied the petition as frivolous on March 10, 2010. *Id.*, Ex. 5.  Bagley filed a timely

motion for discretionary review on March 26, 2010.  *Id.*, Ex. 6. The Washington State

Supreme Court referred the matter to the Superior Court for a reference hearing to

determine if he had knowingly waived his right to file a direct appeal.  *Id.*, Ex. 8.  On

1   June 15, 2012, the Superior Court entered findings of fact and conclusions of law and

2   held that Bagley had knowingly waived his right to file a direct appeal.

3         Bagley filed a motion for discretionary review on August 16, 2012 Dkt. 14, Ex.

4   10. On October 9, 2012, the Washington State Supreme Court denied the motion.  *Id*., Ex.

5   13.  Bagley also filed motions seeking to modify the denial of discretionary review. *Id*.,

6   Exs. 15 & 16.  The motions to modify were not properly made because an order from the

7   same court cannot be the subject of a motion to modify. Only orders from the clerk's

8   office or the court commissioner are subject to motions to modify. The motions to modify

9   the Supreme Court orders did not continue the tolling of the statute of limitations. An

10   improper application for collateral relief from the state court will not provide the basis for

11   tolling under 28 U.S.C. § 2244(d)(2) because such applications are not "properly filed."

12   *Pace v. DiGuglielmo*, 544 U.S. 408, 414-15 (2005).

13         On December 31, 2012, Bagley mailed his federal habeas petition to this Court.

14   Dkt. 1.  In his petition, Bagley asked for a new evidentiary hearing in state court,

15   reinstatement of his right to file a direct appeal with appointed counsel, or in the

16   alternative, that this Court vacate his convictions (*id.*) for three counts of rape of a child

17   in the first degree, one count of possession of depictions of minors engaged in sexually

18   explicit conduct, and four counts of molestation of a child in the first degree. Dkt.14, Ex.

19   1.

20         On April 6, 2013, after a thorough review of the record, Judge Creatura found that

21   Bagley was not entitled to an evidentiary hearing and his petition was time barred.  Dkt.

22   16.

## II.      DISCUSSION

**A.      Standard of Review**

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

**B.      Objections**

On April 17, 2013, Bagley filed objections to Judge Creatura's R&R arguing essentially two points: (1) that Judge Creatura applied an incorrect statute to Bagley's request for an evidentiary hearing; and (2) Judge Creatura incorrectly determined that his petition was time barred essentially because the statute of limitations should run from the Superior Court's June 15, 2013 determination that he knowingly waived his right to a direct appeal.  Dkt. 17.

**1. Evidentiary Hearing**

In determining whether Bagley was entitled to an evidentiary hearing, contrary to his contentions, Judge Creatura applied the proper standard set forth in 28 U.S.C. §2254(e)(2).

28 U.S.C.§2254(e)(2) states:

If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
            (A) the claim relies on—
            (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

1

2

        (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
        (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

3

4

As Judge Creatura found, Bagley fails to meet any of the criteria required for a new

5

hearing. Dkt. 16 at 4.  Bagley's claim does not rely on new law and the Superior Court's

6

finding that he voluntarily waived his right to file a direct appeal is presumed correct

7

(Dkt. 14, Ex. 9).  28 U.S.C. § 2254(e)(1) (requiring clear and convincing evidence to

8

rebut presumption of correctness of state court's findings).  The Superior Court

9

determined that Bagley was made aware of his right to appeal when he pled guilty and

10

when he was sentenced. *Id.*  Finally, there is no claim of actual innocence.

11

  **2.  Time Bar**

12

      Judge Creatura also applied the proper legal standard in determining whether

13

Bagley's petition was time barred.  As Judge Creatura found, federal habeas corpus

14

petitions are subject to a statute of limitations under the 1996 amendments to 28 U.S.C. §

15

2244(d), which indicates that a 1-year statute of limitations applies to habeas petitions.

16

Dkt. 16 at 4.

17

      Here, Bagley argues that his time should not begin to run until after the Superior

18

Court's June 15, 2012 ruling that he voluntarily waived his right to a direct appeal

19

because that ruling is the factual predicate which he could not have previously discovered

20

and is an exception under 28 U.S.C. §2544(d)(1)(C).  *See* Dkt. 17 at 3. However, Bagley

21

is incorrect.  The "factual predicate" referred to under 28 U.S.C. §2544(d)(1)(C)

22

1    references not the state court's adjudication of whether Bagley waived his right to direct

2    appeal, but rather the factual evidence supporting that he either did or did not waive his

3    right to a direct appeal.  *See, e.g., Hasan v. Galaza,* 254 F.3d 1150 (9th Cir. 2001) (where

4    factual predicate in ineffective assistance of counsel context involved when the petitioner

5    knew of the facts or evidence that a relationship existed between the prosecution witness

6    and a person who possibly engaged in witness tampering).  As the Superior Court found

7    in its June 2012 hearing, evidence that Bagley waived his right to a direct appeal were

8    known to him because "counsel advised petitioner of his right to appeal when he pled

9    guilty on October 8, 2007 and on December 14, 2007, when the sentence was entered."

10   Dkt. 14, Ex. 9. Bagley has failed to contest by clear and convincing evidence either this

11   finding or the other findings supporting the Superior Court's ruling. 28 U.S.C. §

12   2254(e)(1) (requiring clear and convincing evidence to rebut presumption of correctness

13   of state court's findings).

14         The Court having considered the R&R, Bagley's objections, and the remaining

15   record, does hereby find and order as follows:

16         (1)    The R&R is **ADOPTED**;

17         (2)    This action is **DISMISSED**; and

18         (3)    A Certificate of Appealability is **DENIED**.

19         Dated this 28th day of May, 2013.

20

21

22

                    BENJAMIN H. SETTLE
                    United States District Judge